IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EDWARD M. HICKS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil No. 12-757-JPG** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC,** | ) | |
| **ALFONSO DAVID, TERRY McCANN,** | ) | |
| **SHERRY LYNN, ALLEN MARTIN,** | ) | |
| **DEBBIE DENNINGS, RODDERICK** | ) | |
| **MATTICKS, LISA PRATHER,** | ) | |
| **JERROD PENNELL, CAROL** | ) | |
| **SCHMERTMAN, MARTHA COWGILL,** | ) | |
| **DALEY WILLIAMS, RHONDA SHELLS,** | ) | |
| **MELISSA LITTRELL, TERRY,** | ) | |
| **and WANDA,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center, has brought this

*pro se* civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff alleges that defendants have

been deliberately indifferent to his serious medical needs, i.e., symptoms related to an inguinal

hernia.  This matter is now before the Court for purposes of threshold review of the complaint

pursuant to 28 U.S.C.  § 1915A, as well as consideration of his Motion to Pardon Exhaustion of

Administration Remedies **(Doc. 4)**, filed along with the complaint.

As plaintiff recognizes, his claims are subject to the exhaustion requirement set forth in the

Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999) explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy.  Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case.  *See* 42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536.   The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 122 S.Ct. 983, 992 (2002).

It is clear from the face of the complaint that Mr. Hicks filed his complaint while he was still in the process of pursuing administrative remedies.  He had not received responses to his grievances from the Administrative Review Board, the last step in the process, but felt he could not wait the "usual 2 months for a reply."  See, Doc. 1, p. 8.  As he elaborates in his motion, he filed grievances about his medical treatment on April 9, 2012, April 17, 2012, and May 24, 2012.  See, Doc. 4, pp. 6-13.  His complaint was e-mailed to the Court on June 29, 2012.  See, Doc. 1, p. 1.  He again admits in the motion that he had not yet received a response from the Administrative Review Board as of the time he filed his complaint.  See, Doc. 4, pp. 1-2.

As was explained above, exhaustion of administrative remedies is a  "precondition" to suit,

*Perez*, 182 F.3d at 535-536.   It is well established that administrative remedies must be exhausted *before* suit is filed.  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).  This Court lacks the authority to relieve plaintiff from the exhaustion requirement.  Therefore, plaintiff's Motion to Pardon Exhaustion of Administration Remedies **(Doc. 4)** is **DENIED**.

Plaintiff may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies.  *See* 42 U.S.C. § 1997e(a).  While failure to exhaust is an affirmative defense, where, as here, it is clear from the face of the complaint that plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted and may be dismissed upon preliminary review.  *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)("the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").  See also, *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2012), acknowledging that "a district court may dismiss a complaint if the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous...."  Therefore, plaintiff's case must be dismissed.  The dismissal will be without prejudice, per *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice.  His pending Motion for Appointment of Counsel **(Doc. 9)** is **DENIED as MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action

was incurred at the time the action was filed, thus the filing fee remains due and payable.  *See* 28

U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   August 22, 2012**

*s/J. Phil Gilbert*
**United States District Judge**